UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anna M. Troyer, | ) | Case No. 5:10CV2391 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | [Resolves Doc. 74, 79] |
| Thomas W. Hardin, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

This matter is before the Court upon a motion for summary judgment (Doc. 79) filed by Defendants Raymond T. Bules, Day Ketterer, Ltd., J. Curtis Werren, and John R. Werren (collectively, "Day Ketterer"). The matter also appears before the Court on Plaintiff Anna Troyer's motion to dismiss this matter without prejudice. The motion to dismiss is DENIED. The motion for summary judgment is GRANTED.

**I.     Facts**

On September 5, 2008, Troyer filed for divorce against her husband, David Troyer. During the course of those divorce proceedings, Troyer at some point engaged three different sets of attorneys, including many of the attorney-defendants in this matter. Ultimately, Troyer signed a separation agreement to resolve the divorce. The domestic relations judge then questioned Troyer to determine whether she understood the agreement and voluntarily accepted its terms. Troyer indicated that she had no questions and agreed to the terms. As a result, Troyer received $2,500 per month in spousal support for 94 months, $583,000 in cash, half the proceeds from the sale of the farm minus $100,000 towards the line of credit thereon, one-half of David Troyer's 401(k), and a Virginia time share.

1

On October 20, 2010, Troyer filed this action, alleging legal malpractice against the Day Ketterer defendants, Thomas Hardin, and Hardin & Associates, LLC.  Similar to her conduct in the divorce proceedings, Troyer has engaged numerous counsel in this proceeding.  As of the date of this order, Troyer has terminated three sets of counsel in the matter and is currently proceeding without counsel.

On November 14, 2011, Troyer sought to dismiss this matter without prejudice.  On November 17, 2011, the Day Ketterer defendants moved for summary judgment.  Both motions are ripe and will now be resolved by the Court.

## II. Motion to Dismiss Without Prejudice

Fed.R. Civ.P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment."  *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).  Whether dismissal should be granted under this rule is within the sound discretion of this Court.  *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  In analyzing a motion to dismiss under this rule, the Court must determine whether the defendant would suffer plain legal prejudice from a dismissal without prejudice.  In reviewing whether Day Ketterer will suffer "plain legal prejudice," this Court must consider factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718.

These factors weigh heavily against Troyer and in favor of all the defendants.  First, there is no question that Day Ketterer has put forth significant effort and expense to prepare in this matter.  There has been extensive motion practice, including multiple motions to quash subpoenas filed by

third parties. Day Ketterer was involved in all of the hearings on these issues, in addition to conducting all of the discovery necessary to defend this action. Day Ketterer was also forced to oppose numerous motions for extension of time that were created by Troyer's dilatory tactics. On more than one occasion, Troyer terminated her counsel and then sought an extension to accommodate her new counsel. Time and again, Day Ketterer opposed these extensions. Additionally, within three days of Troyer's motion to dismiss, Day Ketterer had filed its motion for summary judgment --- a clear indication that the motion was substantially completed before Troyer moved to dismiss.

In addition, Troyer has been less than diligent in prosecuting this matter. From the first time the parties appeared before the Court, the Court indicated the importance of expert discovery in the matter. Moreover, the Court repeatedly indicated that its date for expert discovery was reasonable and would not be altered absent good cause. Rather than show good cause, Troyer repeatedly terminated her counsel and sought extensions based solely on that reason.

Finally, Troyer's sole reason for seeking dismissal is the fact that she was unable to comply with the Court's deadline for providing an expert report. As noted above, this failure was brought about solely by Troyer's personal decision to routinely terminate her then-current counsel and seek new counsel. As such, her motion to dismiss is nothing more than an attempt to circumvent the Court's prior rulings that found she had failed to demonstrate good cause to extend the deadlines in this matter.

Based upon the above, the factors the Court must review overwhelmingly weigh against granting the motion to dismiss. Troyer's motion to dismiss without prejudice is DENIED.

### III. Legal Standard for Summary Judgment

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(a). The

initial burden of showing the absence of any "genuine issues" belongs to the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing former Fed.R. Civ.P. 56(c)).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* (quoting former Fed.R. Civ.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary burdens. *Id.* at 252. Moreover, the Court must view a summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Moreover, Fed.R. Civ.P. 56(e) states as follows:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> …
>
> (2) consider the fact undisputed for purposes of the motion; [or]
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]

Accordingly, summary judgment analysis asks whether a trial is necessary and therefore is appropriate when there are no genuine issues of fact. *Anderson,* 477 U.S. at 250.

### IV. Legal Analysis

Under Ohio law, a claim for legal malpractice requires proof of the following: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) a causal

4

connection between the conduct complained of and the resulting damage or loss. *See Vahila v. Hall*, 77 Ohio St.3d 421 (Ohio 1997) (citing *Krahn v. Kinney*, 43 Ohio St.3d 103 (Ohio 1989)). A plaintiff's failure to prove any one of these elements entitles a defendant-attorney to summary judgment. *Green v. Barrett*, 102 Ohio App.3d 525, 531–533(Ohio Ct. App. 1995).

Ordinarily, a plaintiff must set forth expert testimony to establish that an attorney breached the duty of care owed to the plaintiff. *Roberts v. Hutton*, 152 Ohio App.3d 412, 423-24 (Ohio Ct. App. 2003). "The only exception to this requirement is when the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of laymen." *Darby v. Caterino*, 2012 WL 425943, at *3 (Ohio Ct. App. Feb. 9, 2012) (citing *State v. Buell*, 22 Ohio St.3d 124 (Ohio 1986)). Furthermore, an affidavit from the defendant-attorney is sufficient to support summary judgment absent an opposing affidavit from a qualified expert witness for the plaintiff. *Hoffman v. Davidson*, 31 Ohio St.3d 60, 62 (Ohio 1987).

There is no dispute that Day Ketterer has met its initial burden with its motion for summary judgment. The defendant-attorneys have both submitted affidavits that attest that they met the standard of care in handling the divorce proceedings. Troyer does not dispute that these affidavits are sufficient to meet the moving party's burden.

In opposition to the motion, Troyer contends that no expert is necessary to support her claim because the errors of counsel were so obvious. This claim fails for numerous reasons.

First, Troyer has alleged malpractice not only against Day Ketterer, but also against Thomas Hardin and his law firm. In a case that presents in a factually similar manner, an Ohio appellate court concluded that expert testimony was necessary to meet the plaintiff's reciprocal burden to prevent summary judgment. *Yates v. Brown*, 185 Ohio App.3d 742, 750 (Ohio Ct. App. 2010) ("When multiple attorneys were involved in the underlying representation, and when the plaintiffs have alleged negligent representation by more than one attorney, the trial court did not err by

5

concluding that expert testimony was necessary to establish a prima facie case of legal malpractice in regard to an individual attorney.") The Court agrees with such an analysis. As Troyer has asserted malpractice was committed by numerous attorneys, she cannot demonstrate that Day Ketterer was the proximate cause of any damage without expert testimony that would differentiate between these defendants and the Hardin defendants.

Furthermore, Troyer's allegations of malpractice do not fall into the category of being so obvious that even a layperson would recognize the errors. There is no dispute that the underlying domestic relations case was a complex matter. Issues arose over the classification of David Troyer's family businesses. Experts disagreed over the business valuations and the lawyers disagreed over whether all, any, or some portions of the businesses were marital or separate property. Furthermore, the parties disagreed over whether appreciation on certain distributions was marital or separate property. Ultimately, after the exchange of expert reports and numerous settlement discussions, Troyer was awarded roughly $583,000 in cash. It is well beyond the knowledge of a layperson to ascertain whether there were errors by counsel in advising Troyer that this was an appropriate settlement under Ohio law.

The Court also notes that in her motion to dismiss, Troyer asserts that she will be "unable to move forward on the merits without an expert witness" – a tacit admission that expert testimony is required in this matter. Troyer's position that the errors are obvious to a layperson also stands in stark contrast to her prior representations that she needed a forensic accountant to fully analyze and trace funds due to the complex nature of her ex-husband's businesses.

In short, Troyer seems to argue that given the total value of David Troyer's assets and the duration of the marriage, even a layperson could see that Troyer's settlement was too low. However, this argument suffers from numerous flaws. First, it ignores that no layperson could be expected to know Ohio law surrounding marital and separate property. Furthermore, it also ignores

6

that a domestic relations judge heard the terms of the settlement, questioned Troyer about it, and ultimately accepted the settlement. As such, it is abundantly clear from the facts herein that an expert would be necessary to demonstrate legal malpractice. As Troyer has offered no expert, she has not met her burden.

### V. Conclusion

Troyer's motion to dismiss is DENIED. Day Ketterer's motion for summary judgment is GRANTED. The complaint as against Raymond Bules, Day Ketterer, Ltd., J. Curtis Werren, and John R. Werren is hereby DISMISSED.

The Hardin Defendants' motion for summary judgment is not yet ripe and will be considered once the briefing schedule has been concluded.

IT IS SO ORDERED.


DATED: February 17, 2012                     /s/  John  R.  Adams
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE