UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anna M. Troyer, | ) | Case No. 5:10CV2391 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | [Resolves Docs. 91, 108] |
| Thomas W. Hardin, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

This matter is before the Court upon a motion for summary judgment (Doc. 79) filed by Defendants Thomas W. Hardin and Hardin & Associates, LLC (collectively, "the Hardin Defendants").  The matter also appears before the Court on a motion for a protective order filed by numerous movants that were subpoenaed by Plaintiff Anna Troyer.  The motion for summary judgment (Doc. 91) is GRANTED.  As this order closes the matter, the movants are hereby relieved of any obligation to respond to the subpoenas.  The motion for protective order (Doc. 108), therefore, is DENIED AS MOOT.

The issues raised in the Hardin Defendants' motion for summary judgment are identical to those raised by the Day Ketterer Defendants.  In resolving that prior motion, the Court concluded that Troyer could not establish her legal malpractice case without an expert in this matter.  Since ruling on that matter, Troyer has terminated her final attorney and proceeded pro se.  In response to the motion for summary judgment, Troyer has submitted numerous documents regarding businesses owned by her former husband or his family.  In addition, Troyer has submitted several letters to the Court with other accompanying documents.  However, none of these documents remedy the deficiency in Troyer's case – the lack of an expert.  Accordingly, the Hardin Defendants' motion is

GRANTED for the reasons stated in the Court's prior grant of summary judgment for the Day Ketterer Defendants (Doc. 97).

The Court acknowledges that this is a deeply personal issue for Troyer. As such, while Troyer has sent numerous documents directly to chambers rather than filing them, the Court has still reviewed those documents to ensure that they do raise an issue. As the Court's ruling rests upon a legal conclusion that an expert is necessary, the documents do nothing to raise an issue that would require denying summary judgment.

The Hardin Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED: March 14, 2012

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE